562 A.2d 375

**COMMONWEALTH of Pennsylvania**

**v.**

**Mark FREEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 4, 1989.

Decided June 27, 1989.

Reargument Denied Aug. 22, 1989.

John Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before BROSKY, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for aggravated assault and conspiracy. Appellant contends that the trial court erred in permitting the prosecutor, in his cross-examination of appellant, to make reference to appellant's post-arrest silence. We agree and, accordingly, vacate the judgment of sentence and remand for a new trial.[1]

Appellant was arrested and charged with robbery, aggravated assault, conspiracy, and violation of the Uniform Firearms Act. On June 3, 1988, following a jury trial, appellant was acquitted of the robbery charge, but found guilty of the remaining charges. Timely post-trial motions were filed. On September 20, 1988, the trial court arrested judgment on the firearms charge, and denied post-trial motions in all other respects. The court then sentenced appellant to an aggregate term of six-to-fifteen-years imprisonment. This timely appeal followed.

Conflicting evidence was introduced at trial. The complainant, Arthur Klein, testified that, on December 3, 1987, he was in his business office in Philadelphia. Appellant and his co-defendant, James Swinton, entered the office, claiming that the co-defendant wanted to rent an apartment. Klein stated that, as he was walking to the back of his office, appellant grabbed him from behind and pressed a gun against his head. A struggle ensued. During the course of the struggle, Klein was able to hold off both defendants, draw his own gun, and shoot both men.

---

**1.** In light of our disposition of this issue, it is unnecessary to reach the other two issues raised by appellant: (1) whether the court erred in allowing certain rebuttal testimony; and (2) whether the court erred in determining that appellant failed to make a *prima facie* showing of racial discrimination in the prosecution's exercise of its peremptory challenges during the selection of the jury.

Appellant testified in his own behalf. He stated that, at the time of the incident in question, he had been out of work and began to deliver cocaine in order to make money. One of the people he delivered to was Arthur Klein. Appellant admitted that on one occasion prior to December 3, 1987, he sold a package that had been intended for Klein. On December 3, he went to Klein's office in an attempt to make amends. When he arrived at the office, the co-defendant, whom he did not know, was already there, talking to Klein. Klein let appellant in, and an argument and fight followed. During the fight, appellant saw Klein pull a .25 caliber pistol. As they struggled over that weapon, appellant was shot with a second gun, a .38 caliber revolver. Appellant never saw the second gun. After he was shot, appellant blacked out and did not see the altercation between his co-defendant and Klein.

At the end of appellant's testimony on direct examination, the following exchange occurred between appellant and his counsel:

Q. Now, were you in any condition to give the police your version of what was going on *when the police got there?*

A. No.

Q. When did you ultimately come to?

A. Three days later.

Q. Where were you?

A. In the hospital.

N.T. June 2, 1988 at 203 (emphasis supplied). Despite the fact that counsel specifically limited his question to the time when the police arrived on the scene, the prosecutor cross-examined appellant as follows:

Q. Did you *ever* give the police your version of what happened, or try to give them your version?

[APPELLANT'S COUNSEL]: Objection.

THE COURT: Overruled.

[APPELLANT'S COUNSEL]: Objection, objection, and objection.

THE COURT: Overruled, because you asked that question.

BY [THE PROSECUTOR]: What's your answer?

A. No.

*Id.* at 204 (emphasis supplied).

Appellant contends that the trial court erred in permitting the prosecutor to thus question him concerning his post-arrest silence.[2] We agree. In *Commonwealth v. Turner*, 499 Pa. 579, 454 A.2d 537 (1982), our Supreme Court ordered a new trial for a defendant who had been convicted of voluntary manslaughter. At trial, the defendant testified that he believed he was being shot at, and thus he shot the deceased in self-defense. On cross-examination, the prosecutor asked the defendant "Did you ever tell the police that somebody was shooting at you?" *Id.*, 499 Pa. at 581, 454 A.2d at 538. The trial court sustained the objection, and gave a cautionary instruction to the jury, but denied the defendant's motion for a mistrial. The Supreme Court held that this was reversible error, reasoning that:

> The prejudice to the defendant resulting from reference to his silence is substantial. While it is efficacious for the Commonwealth to attempt to uncover a fabricated version of events, in light of the "insolubly ambiguous" nature of silence on the part of the accused, *Doyle v. Ohio*, 426 U.S. 610, 617, 96 S.Ct. 2240, 2244, 49 L.Ed.2d 91, 97 (1976), we do not think it sufficiently probative of an inconsistency with his in-court testimony to warrant allowance of any reference at trial to the silence. *Accordingly, the Commonwealth must seek to impeach a defendant's relation of events by reference only to inconsistencies as they factually exist, not to the purported inconsistency between silence at arrest and testimony at trial. Silence at the time of arrest may*

---

2. We note that it is unclear exactly when appellant was arrested. *See* discussion *infra*. Because the prosecutor asked appellant if he *ever* gave the police his version, however, the question clearly referred to post-arrest, as well as pre-arrest, silence. *Compare Commonwealth v. Turner*, 499 Pa. 579, 581, 454 A.2d 537, 538 (1982).

*become a factual inconsistency in the face of an asser-*
*tion by the accused while testifying at trial that he*
*related this version to police at the time of arrest when*
*in fact he remained silent. Doyle v. Ohio, Id., at 619, n.*
*11, 96 S.Ct. at 2245, n. 11, 49 L.Ed.2d at 98, n. 11.*
*Absent such an assertion, the reference by the prosecu-*
*tor to previous silence is impermissible and reversible*
*error.*

499 Pa. at 583, 454 A.2d at 539–40 (emphasis supplied); [3] *see also Commonwealth v. Sanders*, 324 Pa.Super. 372, 471 A.2d 885 (1984) (trial court asked defendant single question which alerted jury to defendant's failure to protest his innocence at the time of arrest; new trial granted).

We have examined appellant's trial testimony and we find no indication that appellant ever asserted that he told his version of the incident to police at the time of his arrest. As we have noted above, appellant's testimony on direct examination was limited to an explanation of the reason for his silence when the police arrived. Because appellant made no claim that he related his version at the time of arrest, appellant's post-arrest silence is not "factually inconsistent" with his testimony at trial, and the trial court should not have permitted inquiry in this area. *See Commonwealth v. Turner, supra; Commonwealth v. Sanders, supra.*

■ The Commonwealth suggests, however, that appellant was under arrest when the police arrived. The Commonwealth thus argues that appellant's testimony on direct referred to his post-arrest silence, and opened the door to further inquiry into the matter. Our Supreme Court has defined an arrest as "any act that indicates an intention to take the person into custody and subjects him to the actual

3. As a matter of federal constitutional law, reference to an accused's post-arrest silence is permissible if the silence occurred prior to the giving of *Miranda* warnings. *See Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982). The *Turner* Court recognized that its "position is more restrictive than that taken by the United States Supreme Court." 499 Pa. at 584, 454 A.2d at 540. The *Turner* holding was based on Article 1, § 9 of the Pennsylvania Constitution. *Id.*, 499 Pa. at 583–84, 454 A.2d at 540.

control and will of the person making the arrest." *Commonwealth v. Lovette*, 498 Pa. 665, 671, 450 A.2d 975, 978 (1982), *cert. denied* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). Here, there is no evidence that the police officers who arrived on the scene placed appellant in custody. The officers did not testify that they placed any physical or verbal restraints upon appellant, or gave appellant the *Miranda* warnings. *See Commonwealth v. Monahan*, 378 Pa.Super. 623, 629, 549 A.2d 231, 234 (1988). Instead, the officers testified that their primary concern was to arrange for emergency medical treatment for appellant and his co-defendant. *See* N.T. June 2, 1988, at 107–08 (testimony of Officer Eugene Clarke); *id.* at 128–29 (testimony of Lieutenant Vincent Lombardy). Indeed, Lieutenant Lombardy noted that appellant was bleeding profusely and "looked as though he was going into shock." *Id.* at 128. The police immediately summoned the fire rescue squad. When the rescue squad arrived, appellant was placed in a "trauma suit" and taken to the hospital. *See id.* at 111, 129. In light of this undisputed testimony, we must reject the Commonwealth's argument that appellant was under arrest when the police arrived at the scene of the shooting.[4]

In summary, we conclude that the prosecutor should not have been permitted to refer to appellant's post-arrest silence because that silence was not factually inconsistent with his trial testimony. In addition, we conclude that

**4.** The Commonwealth also argues that appellant's testimony concerning his pre-arrest silence was designed to create the misleading impression that "but for his medical condition, he would have told the police his version of events." Commonwealth's Letter Brief at 4. The Commonwealth suggests that appellant's testimony opened the door for an inquiry into post-arrest silence, as a manner of rebutting this misleading impression. We disagree. It is settled that reference may be made to an accused's pre-arrest silence. *See Commonwealth v. Monahan, supra; Commonwealth v. Hassine*, 340 Pa.Super. 318, 341–42, 490 A.2d 438, 450 (1985). Apparently recognizing this, appellant's counsel merely tried to forestall permissible prosecutorial inquiry into appellant's pre-arrest silence, by asking appellant on direct examination the reason for his pre-arrest silence. We fail to see how counsel's inquiry into this legitimate area can open the door to an inquiry into a constitutionally prohibited area.

appellant's testimony on direct examination was limited to his pre-arrest silence, and thus appellant did not open the door to inquiry into his post-arrest silence. Accordingly, we hold that the trial court erred in allowing the Commonwealth to refer to appellant's post-arrest silence, and a new trial must be granted. *See Commonwealth v. Turner, supra; Commonwealth v. Sanders, supra.*[5]

Judgment of sentence is vacated, and the case is remanded for a new trial. Jurisdiction is relinquished.

---

**5.** Although we recognize that the prosecutor made but a single reference to appellant's post-arrest silence, it is nevertheless clear that the error was not harmless. *See Commonwealth v. Turner, supra; Commonwealth v. Sanders, supra.*